RECEIVED MP

MAR - 7 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LOUIS FASULLO | ) | |
|     Plaintiff | ) ) ) | 1:12-cv-01661 |
|     v. | ) ) | Judge Sharon Johnson Coleman |
| DC COMICS | ) ) | Magistrate Judge Jeffrey Cole |
|     Defendant | ) | |

## COMPLAINT

On September 23, 2011 I ordered a subscription to Flash and paid $24.99. I got my first comic and from then on I didn't get any more comics. I called DC Comics about the problem and DC Comics told me that the comics were sent and they could only send me one more copy. I waited for the Comic to come but they didn't. I moved and called DC Comics about my new address but the Comic hasn't come. I believe that the company sent the comics but committed 18 USC § THEFT OR RECEIPT OF STOLEN MAIL MATTER GENERALLY. The company has to ship the comics and I just think that the mailroom denies me the comic. I believe that they did send the comics but the mailroom didn't send the comics. Therefore, the company sent the comics and then they didn't send the comics because somewhere in the chain of command at the company they denied me the comics. They put the comics in the mail and then someone removed the comics from the mail there at the company. Whoever did remove the comic from the mail is the violator and I would thin that the whole company is responsible because one employee did put the comic in the mail and another employee removed the comic from the mail. I complained with the company and the company won't send me any more comics because the comics aren't getting here, and I complained with the post office and the front desk but neither the post office or the front desk got the comics.

*/s/ Louis Fasullo*

LOUIS FASULLO
10030 SOUTH HARLEM AVENUE
ROOM NUMBER 210
BRIDGEVIEW, ILLINOIS 60455
TELEPHONE# 708-586-9505

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LOUIS FASULLO** | ) | |
|     Plaintiff | ) | **Case Number:** |
| | ) | |
|     v. | ) | **Judge:** |
| | ) | |
| **DC COMICS** | ) | **Magistrate Judge:** |
| | ) | |
|     Defendant | ) | |

## COMPLAINT PAGE 2

11/2/11      Gmail - Your DC Comics Order

**Gmail**

Louis Fasullo <louisfasullo@gmail.com>

**Your DC Comics Order**
1 message

Customer_Service@dc-comics.us <Customer_Service@dc-comics.us>      Fri, Sep 23, 2011 at 10:48 AM
Reply-To: Customer_Service@dc-comics.us
To: louisfasullo@gmail.com

Order Confirmation

Dear Lous,

Thank you for your recent order from DC Comics. Your order is shown below.

| Title: | Price: |
|---|---|
| Flash | $24.99 |
| | total: $24.99 |

For questions about your subscription to DC Comics, call 1-800-887-6789
To contact us via Email click here.

Lawful sentence of not more than eight years could have been imposed under indictment charging in one count that defendant broke and entered building used in part as post office with intent to commit larceny in that part of building used as post office, and in second count charged that defendant, having broken into and entered said post office, stole and purloined postal funds in violation of predecessor of 18 USCS § 1707. Hensley v United States (1946, CA8 Ark) 156 F2d 675.

Where defendant was sentenced under count one for three years for stealing property from post office, and was sentenced under count two for 25 years for putting life of postal employee in jeopardy while committing theft, sentence under count one should be vacated, since single offense was charged with maximum punishment of 25 years, if life of postal employee was put in danger. Brussart v United States (1951, CA6 Ohio) 186 F2d 713.

**8. Review**

Sentence to three years' imprisonment for stealing rubber stamp from post office was not reviewable for excessiveness although accused's ulterior and decidedly criminal purpose in taking stamp and his subornation of perjury were considered in assessing punishment. Peterson v United States (1917, CA4 Va) 246 F 118, cert den (1918) 246 US 661, 62 L Ed 927, 38 S Ct 332.

### § 1708. Theft or receipt of stolen mail matter generally

Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or

Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or

Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

Shall be fined under this title or imprisoned not more than five years, or both. (June 25, 1948, ch 645, § 1, 62 Stat. 779; May 24, 1949, ch 139, § 39, 63 Stat. 95; July 1, 1952, ch 535, 66 Stat. 314; Sept. 13, 1994, P. L. 103-322, Title XXXIII, § 330016(1)(I), 108 Stat. 2147.)

### HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Prior law and revision:**
This section is based on Act Mar. 4, 1909, ch 321, §§ 194 and 198, 35 Stat. 1125, 1126; May 18, 1916, ch 126, § 10, 39 Stat. 162; July 28, 1916, ch 261, § 1, 39 Stat. 418; Feb. 25, 1925, ch 318, 43 Stat. 977; May 7, 1934, ch 220, § 1, 48 Stat. 667; Aug. 26, 1935, ch 693, 49 Stat. 867; Aug. 7, 1939, ch 557, 53 Stat. 1256 (former 18 U.S.C. §§ 317 and 321).

Each of the two source sections has been divided. Provisions relating to theft or larceny of mail were placed in this section. The words "letter box, mail receptacle, or any mail route" are from former 18 U.S.C. § 321. Such receptacles are authorized depositaries. (See Rosen v United States (1918) 245 U.S. 467, 62 L.Ed. 406, 38 S.Ct. 148 and Foster v Biddle (1926, CA8 Kan) 14 F.2d 280, involving indictment under former 18 U.S.C. § 317.) No

were separate offenses. Colbeck v United States (1926, CA8 Mo) 14 F2d 801.

Conviction on two counts of unlawfully possessing stolen letters, knowing same to have been stolen, one count charging possession of letter on September 4, 1959, and other count charging possession of another letter on September 9, 1959, was affirmed as charging two separate offenses; defendant objected that he had committed only single offense because both letters were from mail depository in office building and record showed that theft from depository had occurred on only one occasion. Wilburn v United States (1964, CA5 Tex) 326 F2d 903.

Crime of wounding and killing custodian of mails is not same crime as, and therefore not merged into, that of robbing mails under 18 USCS § 1708. United States v Bruce (1964, CA6 Ky) 329 F2d 685.

Defendant may not be convicted of both robbing mail employee in violation of 18 USCS § 2114 and possessing same stolen mail shortly thereafter, in violation of 18 USCS § 1708. United States v Seals (1976, CA7 Ill) 545 F2d 26.

Under 18 USCS § 1708, conviction for both theft and possession is improper in single transaction. United States v Lindsay (1977, CA8 Minn) 552 F2d 263.

Defendant may not be convicted both for robbery of postal employee and possession of pieces of mail stolen in robbery, since possession inevitably followed robbery. United States v Moore (1980, CA7 Ill) 616 F2d 1030, cert den (1980) 446 US 987, 64 L Ed 2d 844, 100 S Ct 2972.

Possession of 6 pieces of mail stolen at same time can properly be subject of only one count since various items of mail stolen at same time were in defendants' possession as result of one set of circumstances, that is, one theft. United States v Edmonson (1981, CA5 Tex) 659 F2d 549.

Absent showing of separate receipt or separate storage of individual items of mail which may establish separate offenses of possession, simultaneous possession of several pieces of stolen mail constitutes only one offense under 18 USCS § 1708. United States v Long (1986, CA10 Okla) 787 F2d 538.

**21. Joinder**

Indictment under predecessor of 18 USCS § 1708 was not duplicitous in charging that defendant did "take and steal" and did "steal and aid and assist in stealing." Collins v United States (1927, CA8 Iowa) 20 F2d 574.

Simultaneous taking of three mail bags constituted but single offense. Kerr v Squier (1945, CA9 Wash) 151 F2d 308.

Where first count charged robbery of mails, and two other counts charged abstracting from separate mail bags registered letters containing currency and bonds, offenses charged in first and in two other counts were not identical, although indictment showed that two bags involved in first counts were among those from which letters were abstracted as charged in other two counts. Tesciona v Hunter (1945, CA10 Kan) 151 F2d 589.

There is no legislative history to indicate that Congress intended to create multiple offenses under 18 USCS § 1708 so as to enhance punishment; absent congressional intent to subdivide offense to increase penalty, single transaction will not be turned into multiple offenses. United States v Lindsay (1977, CA8 Minn) 552 F2d 263.

Trial court erred in failing to consolidate 6 counts into one count where 6 pieces of mail were apparently stolen at same time. United States v Anderson (1983, CA9 Wash) 709 F2d 1305, cert den (1984) 465 US 1104, 80 L Ed 2d 135, 104 S Ct 1605.

Several offenses of stealing several letters could be charged in separate counts of same indictment. United States v Brent (1873, DC Mo) F Cas No 14640.

**2. Sufficiency of Allegations**

**22. Allegations, generally**

In indictment under predecessor of 18 USCS § 1708, all of elements of crime of larceny did not need to be alleged. Thompson v United States (1913, CA9 Cal) 202 F 401.

**23. Language of statute**

Indictment in language of predecessor of 18 USCS § 1708 was sufficient although it did not indicate exact mail car or particular sack from which mail articles were stolen. Murdick v United States (1926, CA8 Minn) 15 F2d 965, cert den (1927) 274 US 752, 71 L Ed 1332, 47 S Ct 765.

Indictment charging felonious buying or receiving from one who had taken matter from mail was insufficient, although it followed language of 18 USCS § 1708. Azuma Kubo v United States (1929, CA9 Cal) 31 F2d 88.

Indictment for unlawful possession of stolen mail, in violation of 18 USCS § 1708, which charged in conjunctive was proper even though statute is written in disjunctive. United States v Smith (1976, CA5 Ala) 543 F2d 1141, cert den (1977) 429 US 1110, 51 L Ed 2d 564, 97 S Ct 1147.

**24. Intent and knowledge**

Intent was sufficiently charged in indictment alleging willful receipt of described notes of certain value stolen from mails, defendant at time and place of receipt and concealment knowing of unlawful theft. Thompson v United States (1913, CA9 Cal) 202 F 401.

Word "intent" does not have to appear in indictment count which charges violation of 18 USCS § 1708; however, trial judge must instruct jury on essential element of intent and where trial judge did

guage of statute

nt and knowledge

ail"

itification of stolen matter

nership

cellaneous allegations

    C. Evidence

      1. Generally

rden of proof

gree of proof

      2. Admissibility and Sufficiency

fficiency, generally

nowledge and intent

-Similar crimes

dmissions

est evidence

ircumstantial evidence

earsay

lentification

riviledged information

resumptions and inferences

—Mailing

earch and seizure

Theft

Variance

Miscellaneous

    D. Verdict, Sentence and Review

Instructions, elements of crime

—Evidence

—Lesser included offense

Questions for jury

Sentence

—Concurrent or consecutive

—Excessiveness

Reversal, reopening

CRIMES

## I. IN GENERAL

### 1. Generally

18 UCSS § 1708 must read in light of realities of delivering and receiving mail in modern urban environment. United States v Indelicato (1979, CA1 Mass) 611 F2d 376.

18 USCS § 1708 falls into that category of enactments which involve theft of particular items without regard to their intrinsic worth. United States v Thurman (1959) 10 USCMA 377, 27 CMR 451.

### 2. Purpose

Predecessor of 18 USCS § 1708 was designed to protect United States Postal Service and was never written with peculiar problems of Armed Forces in mind, and accordingly, legal precedents which have developed from it are based on civilian facts and civilian situations which are neither similar to nor binding on Armed Forces. United States v Benson (1953, US) 11 CMR 568.

18 USCS § 1708 discloses purpose to extend federal protection over packages held by post office. McCowan v United States (1967, CA9 Cal) 376 F2d 122, cert den (1967) 389 US 839, 19 L Ed 2d 102, 88 S Ct 66.

18 USCS § 1708 is premised on protecting mails and does not interdict theft after letter or package has left mails. Allen v United States (1968, CA5 Fla) 387 F2d 641.

18 USCS § 1708 was designed solely to protect mails and, while it includes larceny as understood at common law, it is not restricted to that offense, but makes criminal any unauthorized extraction from mails of postal matter without regard to means by which such abstraction is achieved. United States v Thurman (1959) 10 USCMA 377, 27 CMR 451; United States v Trosper (1904, DC Cal) 127 F 476.

### 3. Relationship with other laws

Protection of 18 USCS § 1702 is broader than 18 USCS § 1708 in that protection of § 1708 is limited to mail matter which is still in possession or control of Postal Service or which has been placed in authorized receptacle for mail matter, while § 1702 is applicable until mail material is physically delivered to addressee and its protection does not end when mail passes out of control and beyond responsibility of Postal Service. United States v Ashford (1976, CA8 Iowa) 530 F2d 792.

Defendant may be convicted and sentenced under both 18 USCS § 641 and 18 USCS § 1708 for possession of same eleven United States Treasury checks stolen from mails, since single act may properly render accused criminally liable under more than one statute, and since government is not required to prove that defendant charged with illegal possession of stolen mail under § 1708 knew that property had been stolen from mails, nor is there requirement to prove in § 641 cases that defendant

## 18 USCS § 1708, n 4

knew that stolen property belonged to United States. United States v Langdon-Bey (1984, CA7 Ill) 739 F2d 1285.

Civil claim arising out of alleged violation of penal statutes relating to mails is not type of action mentioned under 28 USCS § 1339. Sciolino v Marine Midland Bank-Western (1979, WD NY) 463 F Supp 128.

RICO claim of owners of accounts receivable corporation is dismissed, where complaint alleges defendant misrepresented himself to postal officials as employee of corporation in order to gain access to corporation's mailbox and to steal corporation's checks without its knowledge or that of check forwarders, because based on these allegations, defendant committed mail theft under 18 USCS § 1708 instead of mail fraud under 18 USCS § 1341, and mail theft is not predicate act or racketeering activity under 18 USCS § 1961. Haskin v Corporacion Insular De Seguros (1987, DC Puerto Rico) 666 F Supp 349.

18 USCS § 1708 is similar to 18 USCS § 1702, except that 18 USCS § 1708 makes punishable theft, rather than mere taking. United States v Crawford (1955) 6 USCMA 517, 20 CMR 233.

## II. PROTECTED MATTER

### A. Mail Matter

### 4. "Mail"

In 18 USCS § 1708, terms "mail route" and "mail" have independent significance apart from mailbox or receptacle; former term at least includes place such as addressee's doorstep where mail is left by letter carrier, and latter term includes letter so stolen. United States v Lopez (1972, CA2 NY) 457 F2d 396, cert den (1972) 409 US 866, 34 L Ed 2d 114, 93 S Ct 162.

Where defendant rented space in rooming house where mail for all occupants of premises was deposited in single letter box, and defendant removed letter from this box containing check payable to former tenant and after forging payee's name cashed check to secure money for drugs, letter that contained check was part of "mail" at time of intent to steal. United States v Ellison (1974, CA5 Ga) 494 F2d 43.

18 USCS § 1708 protects mail; it does not interdict theft after letter or package has left mail. United States v Dawson (1979, CA5 Fla) 608 F2d 1038.

"Mail" within meaning of 18 USCS § 1708 is more expansive than term "mail receptacle". United States v Indelicato (1979, CA1 Mass) 611 F2d 376.

"Mail" under 18 USCS § 1708 includes misaddressed mail, since statute forbids conversion of misdelivered mail, and both misaddressed and misdelivered mail are same from perspective of senders, addressees, recipients, and postal system, which will further attempt to deliver to addressee so that "mail" is not at end in either case. United States v